

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-11-00255-CR

**JAMES O. SANDERSON,**

                                                                              **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                              **Appellee**

_____

**From the County Court at Law**
**Walker County, Texas**
**Trial Court No. 10-0874**

_____

## MEMORANDUM  OPINION

_____

James Sanderson appeals from his conviction for the offense of driving while intoxicated.  TEX. PEN. CODE ANN. §§ 49.04, 49.09(a) (West 2011).  Sanderson complains that the trial court erred by sustaining the State's objection to his questioning regarding the Intoxilyzer 5000 machine for purposes of determining reasons why an individual would refuse to give a specimen of his breath on that machine.  Because we find no reversible error, we affirm.

*Admission of Evidence*

In his sole issue, Sanderson complains that the trial court erred by sustaining an objection by the State to the relevance of a question propounded during cross-examination of the arresting officer relating to how the Intoxilyzer 5000 works for purposes of taking a breath specimen. At a discussion outside of the presence of the jury, Sanderson indicated that the intent of the questioning was to explain the functioning of the breathalyzer and how it works for purposes of showing whether there would be a reason why someone would not want to provide a specimen. The trial court sustained the objection. No offer of proof was made.

*Preservation of Error*

In order to preserve error regarding a trial court's decision to exclude evidence, the complaining party must comply with Texas Rule of Evidence 103 by making an "offer of proof" which sets forth the substance of the proffered evidence. TEX. R. EVID. 103; *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009). Texas Rule of Evidence 103(a)(2) provides: "Error may not be predicated upon a ruling which . . . excludes evidence unless a substantial right of the party is affected, and . . . the substance of the evidence was made known to the court by offer, or was apparent from the context within which questions were asked." TEX. R. EVID. 103(a)(2); *Mays*, 285 S.W.3d at 889. The offer of proof may consist of a concise statement by counsel, or it may be in question-and-answer form. *Mays*, 285 S.W.3d at 889. If in the form of a statement, the

proffer must include a reasonably specific summary of the evidence offered and must state the relevance of the evidence unless the relevance is apparent, so that the court can determine whether the evidence is relevant and admissible. *Id*. at 889-90.

"The primary purpose of an offer of proof is to enable an appellate court to determine whether the exclusion was erroneous and harmful." *Id*. at 890 (internal citations omitted). A secondary purpose is to give the trial court an opportunity to reconsider its ruling in light of the actual evidence sought to be admitted. *Id*. There is nothing in the record regarding the substance of the evidence Sanderson was seeking to be admitted either by his statement or by questioning of the officer. As such, any alleged error has not been preserved. Issue one is overruled.

*Conclusion*

Because we find no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
　　　Justice Davis, and
　　　Justice Scoggins
Affirmed
Opinion delivered and filed May 2, 2012
Do not publish
[CR25]