**Opinion issued June 4, 2013**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-12-00606-CR**

———————————

**ALEJANDRO ISIDORO RODRIGUEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Case No. 1251132**

---

**MEMORANDUM OPINION**

Appellant, Alejandro Isidoro Rodriguez, was charged by indictment with aggravated sexual assault.[1] He pleaded not guilty. A jury found him guilty and assessed punishment at 45 years' confinement. In one issue, appellant argues that

---

[1] *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(A)(i), (a)(2)(A)(iv) (Vernon Supp. 2012).

the trial court abused its discretion when it limited the scope of his cross-examination of the complainant.

We affirm.

## Background

On February 8, 2010, appellant was at a bar where men could pay women to dance with them. He danced with the complainant many times. At the end of their time dancing, appellant owed her more money than he had on him. Appellant convinced a man giving the complainant and the complainant's daughter a ride home to take appellant to his apartment complex first, so he could pay the complainant the remainder of what he owed her. Once there, appellant walked into the complex and came back a short time later. He lured the complainant out of the car, at which point he produced a gun and forced her to come with him into the apartment complex. The driver of the car and the complainant's daughter called the police.

Appellant pulled the complainant into his apartment, forced her to remove her clothing, and forced her to have sexual intercourse with him. Some time later, appellant attempted to take the complainant to another location. He was apprehended by police and arrested.

Immediately before the complainant testified in the guilt-innocence phase of appellant's trial, the State sought to prohibit appellant from cross-examining the

2

complainant about her pending application for a visa for permanent residency authorized under the federal Violence Against Women Act. The trial court instructed appellant not to cross-examine her on the matter. The court explained, though, "[I]n the event that I think that it becomes relevant, I will let you go into it and if you think it becomes relevant and you want to re-urge your position, you are not precluded from doing that." Appellant did not re-urge the matter during his cross-examination of the complainant. After the jury retired for deliberation, appellant presented an offer of proof to establish the intended scope of the cross-examination of the complainant on her application for the visa and its relevance.

## Cross-Examination

In one issue, appellant argues that the trial court abused its discretion when it limited the scope of his cross-examination of the complainant. The State argues this issue has been waived. We agree.

Rule 103 of the Texas Rules of Evidence provides that one of the requirements for reversal based on exclusion of evidence is that "the substance of the evidence was made known to the court by offer, or was apparent from the context within which questions were asked." TEX. R. EVID. 103(a)(2). There were no questions asked regarding the complainant's application for a visa. Accordingly, the substance of the evidence had to have been made known by an offer of proof. An offer of proof must be made "as soon as practicable, but before

3

the court's charge is read to the jury." TEX. R. EVID. 103(b). A party must comply with rule 103 in order to preserve a claim of error based on the trial court's exclusion of evidence. *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009).

It is undisputed that appellant did not present his offer of proof about cross-examination based on the complainant's visa application until after the jury had begun deliberations. Because the offer of proof was not presented before the court's charge was read to the jury, this issue has been waived. *See* TEX. R. EVID. 103(b); *Mays*, 285 S.W.3d at 889.

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Bland.

Do not publish. TEX. R. APP. P. 47.2(b).