**Affirmed and Memorandum Opinion filed February 3, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-01020-CR

**REGINALD BROUSSARD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Cause No. 1354834**

### M E M O R A N D U M   O P I N I O N

A jury convicted appellant Reginald Broussard of aggravated assault of a family member with a deadly weapon. Appellant entered a plea of "true" to two enhancement paragraphs and the jury sentenced him to prison for life. Appellant filed a timely notice of appeal. We affirm.

The complainant had a dating relationship with appellant that had ended. Subsequently, appellant came to her home in the middle of the night and asked her to

get her belongings out of his van. The complainant refused to go to the van. Appellant grabbed the complainant by the hair and dragged her from the porch. Appellant put a gun in her face and a struggle ensued. Appellant stuck the gun to the complainant's chest and shot her. They continued to struggle until the complainant got away. As the complainant was running into the house, she turned around and saw appellant point the gun to shoot again. A bullet was later found embedded in the wall of the complainant's home. The complainant called 911 and was taken to the hospital where she was treated for a gunshot wound. The jury found appellant guilty of aggravated assault with a deadly weapon. Appellant pled true to two enhancement paragraphs and the jury assessed his punishment at confinement for life in the Institutional Division of the Texas Department of Criminal Justice.

In his only issue, appellant claims the trial court erred in overruling his objection to the State's admission of the complainant's medical records. During its case-in-chief, the State offered into evidence the complainant's medical records. The State did not include two pages of those records, marked "insight assessment," that the State described as "an evaluation of the complainant's alcohol and drug use" that were not necessary to understand the medical records. Appellant objected "under Rule 107, optional completeness." *See* Tex. R. Evid. 107.[1] The trial court overruled the objection. Appellant then further objected "under Rule 107 again because it show[ed] the person's state at the time when they were interviewing her and shortly after that." The trial court again overruled the objection. In his brief, appellant claims the trial court should have required the State to include the two pages.

---

[1] "When part of an act, declaration, conversation, writing or recorded statement is given in evidence by one party, the whole on the same subject may be inquired into by the other, and any other act, declaration, writing or recorded statement which is necessary to make it fully understood or to explain the same may also be given in evidence, as when a letter is read, all letters on the same subject between the same parties may be given. "Writing or recorded statement" includes depositions." Tex. R. Evid. 107.

In order to preserve error regarding a trial court's decision to exclude evidence, the complaining party must comply with Rule of Evidence 103 by making an "offer of proof" which sets forth the substance of the proffered evidence. *Mays v. State*, 285 S.W.3d 884, 890 (Tex. Crim. App. 2009). *See also Watts v. State*, 371 S.W.3d 448, 464 (Tex. App.—Houston [14th Dist.] 2012, no pet.). The primary purpose of an offer of proof is to enable an appellate court to determine whether the exclusion was erroneous and harmful. *Mays,* 285 S.W.3d at 890. A secondary purpose is to permit the trial court to reconsider its ruling in light of the actual evidence. *Id. See also Montgomery v. State*, 383 S.W.3d 722, 726 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

The trial court was informed the missing pages were an evaluation of the complainant's alcohol and drug use but they were not tendered to the judge and the record does not include those two pages. Accordingly, we are unable to determine whether the exclusion of those two pages was erroneous or harmful. *See Montgomery*, 383 S.W.3d at 726 (a general statement that a witness would testify about the vehicles' speeds was insufficient to determine whether the exclusion was harmful). We cannot conclude that the trial court abused its discretion in excluding evidence when the excluded evidence is unavailable for us to review. We therefore overrule appellant's issue affirm the trial court's judgment.


/s/    Marc W. Brown
       Justice


Panel consists of Justices Jamison, Busby, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).

3