

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00353-CR

MICHAEL RAY KENNEDY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 67,789-E, Honorable Douglas Woodburn, Presiding

July 16, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

A jury convicted appellant Michael Ray Kennedy of aggravated assault with a deadly weapon.[1]  In so doing, it found appellant pointed a gun at Alice Monnet, a person with whom he briefly cohabitated.  The jury assessed appellant's punishment at twenty-

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).  This offense is a second degree felony.  TEX. PENAL CODE ANN. § 12.33 (West 2011).

nine years in prison and the trial court imposed sentence accordingly. Punishment was enhanced by two prior felony convictions.[2] We will affirm the judgment of the trial court.

Background

Because appellant does not challenge the sufficiency of the evidence, we will state only those facts necessary for the disposition of the appeal. At the hearing on the State's motion in limine the trial court considered the admissibility of prior convictions to impeach two of the State's witnesses.[3] The prosecutor expressed a belief that Monnet had seven convictions admissible for impeachment. The court stated if Monnet testified, her convictions were admissible. Another State's witness, Sally Vasquez, was said by the prosecutor to have one prior felony conviction. He added that Vasquez, "has been previously arrested in the past several times for Misdemeanor Class B theft by check; however, none of those were theft convictions. All of those were actually reduced down to Class C, Issuance of a Bad Check. . . ." Accordingly, the court ordered in limine that the issuance-of-bad-checks convictions could not be mentioned at trial unless their admissibility was first established outside the presence of the jury.

The State called Vasquez and Monnet during its case-in-chief on guilt-innocence. Evidence on direct and cross-examination established Vasquez was previously convicted for felony theft. The judgment of conviction, admitted as a defense exhibit, indicated the theft occurred over a three-year period between 2008 and 2011. The

---

[2] *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2014) (specifying under stated conditions enhanced imprisonment range of life or twenty-five to ninety-nine years).

[3] *See* TEX. R. EVID. 609.

value of the property Vasquez stole was $100,000 or more but less than $200,000. During trial, appellant's counsel did not ask the court to reconsider its order in limine concerning Vasquez's alleged convictions for "Class C, issuance of a bad check," nor did appellant make an offer of proof supporting these convictions.

Monnet was brought to trial as a State's witness wearing jail clothes. She agreed on direct examination that she was "serving [her] time" after pleading guilty to burglary, robbery, and unauthorized use of a motor vehicle. Monnet also agreed to previously pleading guilty to burglary of a building in 2012 and theft, credit card abuse, and fraudulent use of identification information in 2009. Later during direct examination she admitted using drugs on the day of the alleged assault and expressed a belief that she and appellant were "high" at that time. On cross-examination, Monnet admitted using methamphetamine on the day of the assault. She further admitted prior convictions for "unauthorized use of a motor vehicle," "burglary of a habitation," "robbery," "burglary of a building," "forgery by passing," and "fraudulent possession of identifying information." Corresponding judgments were admitted into evidence without objection.

Later during Monnet's cross-examination, the following occurred:

[Defense Counsel]: Did you also get convicted of carrying a prohibited weapon in–

[The Prosecutor]: Objection, Your Honor. May we approach?

The Court: Sure.

(At bench, on the record)

[Defense Counsel]: Judge, this girl has two–this young lady has two more–

3

The Court: Well, we talked about this before this ever started and you said those are the only ones that you had.

[Defense Counsel]: Right. And I found out she has two more; possession of prohibited weapon and substance—prohibited weapon convictions in misdemeanor court and County Court at Law.

The Court: Okay. I'm not going to allow it. You've already said what you said. I'll instruct the Jury to disregard.

(Open court)

The Court: Ladies and Gentlemen, you're instructed to disregard that last question.

Analysis

In his sole issue on appeal, appellant complains the trial court abused its discretion by excluding evidence of Vasquez's alleged convictions for issuing a bad check and Monnet's alleged two additional convictions.

Appellant chose not to pursue impeachment of Vasquez with her alleged bad-check convictions. Although raised at the motion in limine hearing, the matter was not broached at trial. A motion in limine, whether granted or denied, preserves nothing for appellate review. *Griggs v. State,* 213 S.W.3d 923, 926 n.1 (Tex. Crim. App. 2007) (citing *Manns v. State,* 122 S.W.3d 171, 190 (Tex.Crim.App. 2003) and G. Dix & R. Dawson, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 42.152 (2d ed. 2001)).

Concerning Monnet's two alleged additional convictions, counsel's statement to the court related some information regarding the impeachment evidence he sought to introduce, but it was insufficient to meet the offer of proof requirement of Rule of

4

Evidence 103(a)(2). Nothing is preserved for our review.[4] TEX. R. EVID. 103(a)(2) (to preserve error on exclusion of evidence party must make substance of the evidence known to the court unless apparent from context); *Mays v. State,* 285 S.W.3d 884, 889-890 (Tex. Crim. App. 2009) (applying Rule 103(a)(2)); TEX. R. APP. P. 33.1(a).

Moreover, even assuming *arguendo* it was error to exclude the complained-of evidence concerning the convictions of Vasquez and Monnet, any error was harmless. TEX. R. APP. P. 44.2(b). These two witnesses were thoroughly cross-examined and their character for truthfulness challenged. We are satisfied the additional convictions would have carried little or no additional impeachment weight. TEX. R. EVID. 609(a). Appellant's issue is overruled, and the judgment of the trial court is affirmed.

James T. Campbell
Justice

Do not publish.

---

[4] For proof of the alleged convictions of Vasquez and Monnet, appellant refers us to documents attached to his amended motion for new trial. His motion for new trial does not satisfy the offer of proof requirement of Rule 103(a)(2). *See* TEX. R. EVID. 103(c) (court must allow party to make an offer of proof as soon as practicable and before charge is read to jury).