

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-18-00236-CR

---

THE STATE OF TEXAS, APPELLANT

V.

ALEXANDER PAUL VIERNES, APPELLEE

---

On Appeal from the 286th District Court, Cochran County, Texas
Trial Court No. 17-0-1557, Honorable Pat Phelan, Presiding

---

November 16, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

The trial court ordered "that [all the] experts of the State are excluded for non-compliance with the Texas Rules of Evidence, the Texas Rules of Criminal Procedure, and prior Court orders." Believing this to be an instance of abused discretion, the State appealed. We affirm.

The first topic we address is the existence of subject matter jurisdiction over the appeal. Alexander Paul Viernes argues that there is none. The State contends otherwise, referring us to the opinion of the Texas Court of Criminal Appeals in *State v. Medrano*, 67 S.W.3d 892 (Tex. Crim. App. 2002).

The court in *Medrano* dealt with the application of art. 44.01(a)(5) of the Texas Code of Criminal Procedure.  According to the article, the state may appeal an order of a court in a criminal case if the order "grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case."  TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (West 2018).  That provision was construed as allowing the State to "appeal an adverse ruling on *any* pretrial motion to suppress evidence as long as the other requirements of the statute are met."  *State v. Medrano*, 67 S.W.3d at 903.  So too did it hold that art. 44.01(a)(5) was "not limited solely to pretrial rulings that suppress 'illegally obtained' evidence."  *Id.*  Rather, all that is needed is a legal ruling excluding evidence which "could be determined pretrial under article 28.01, § 1(6)" of the Code of Criminal Procedure.  *Id.*

Section 1 of article 28.01 permits a trial court to convene pretrial hearings.  The issues subject to determination via such a hearing were enumerated by the legislature.  They include a hearing "to determine . . . [m]otions to suppress evidence," TEX. CODE CRIM. PROC. ANN. art. 28.01, § 1(6) (West 2006) and "discovery" matters.  *Id.* § 1(8).  Furthermore, the term "motions to suppress" within art. 28.01, § 1(6) encompassed more than the exclusion of illegally obtained evidence, according to the *Medrano* court.  Topics within the scope of the provision were those "in which the defendant (or the State) claims that certain evidence should not be admitted at trial for a constitutional, statutory, evidentiary or procedural reason."  *State v. Medrano*, 67 S.W.3d at 901.  So, if the order on appeal involves an adverse ruling on a pretrial motion questioning whether the State's

2

proposed evidence was admissible for any constitutional, statutory, evidentiary or procedural reason, then it falls within art. 44.01(a)(5). And, if within the latter, then we have jurisdiction over the appeal.

Here, Viernes had moved to compel the State to disclose the identity of its expert witness. He also asked the trial court "to set the matter for a pretrial hearing pursuant to Article 28.01 of the Texas Code of Criminal Procedure, and, after hearing evidence . . . determine whether the witness is a qualified expert to express an opinion under Rule 702 and to disclose the basis for his opinion under Rule 703." The motions were granted, and a hearing was set on which date the trial court would decide if the testimony of the expert or experts was admissible. When the date of the hearing arrived, the State appeared but without its experts. That resulted in the trial court ordering the witnesses to be made available for deposition, after which it would assess the admissibility of their testimony. It further ordered that if depositions were not completed by the date on which trial was set to commence "and in time for the Court's review prior to this trial, then any expert testimony not completed and reviewed by the court for compliance will be excluded," as previously requested by Viernes. The depositions did not occur before the deadline. So, the trial court ordered that the testimony be excluded.

One could consider the resolution of the dispute below as implicating evidentiary Rules 702 and 703. Or it could be deemed a "sanction" for failing to comply with a court order, as suggested by Viernes. Yet, in either case the trial court's decision still resulted in the exclusion of evidence through a pretrial motion initiated under the auspices of art. 28.01. Therefore, the order was appealable under art. 44.01, given that 44.01 allows that "[t]he State may appeal an adverse ruling on any pretrial motion to suppress evidence as

3

long as the other requirements of the statute are met." *State v. Medrano*, 67 S.W.3d at 903. The other elements necessitating satisfaction consisted of the absence of jeopardy and the certification by the prosecutor to the trial court that the appeal "is not taken for the purposes of delay and that the evidence . . . is of substantial importance in the case." TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5). Those other requirements were addressed in the State's notice of appeal. Consequently, we have jurisdiction over the appeal.

Next, we turn to the substance of the complaint. In doing so, we immediately notice the absence of any bill of exception, offer of proof, or like measure revealing either the identity of the purported experts or the substance of their testimony. Apparently, they included at least a "SANE" nurse or interviewer. Yet, what any would actually say cannot be discerned from the record before us. And, that inhibits our ability to assess whether the trial court's decision harmed the State, as required by Texas Rule of Appellate Procedure 44.2. *See Mays v. State*, 285 S.W.3d 884, 890 (Tex. Crim. App. 2009) (quoting Steven Goode, Olin Guy Wellborn III & M. Michael Sharlot, 1 *Texas Practice - Guide to the Texas Rules of Evidence: Civil and Criminal* § 103.3 (1993) (stating that the primary purpose of an offer of proof is to enable an appellate court to determine whether the exclusion of evidence was erroneous and harmful); *Rideau v. State*, No. 09-16-00411-CR, 2018 Tex. App. LEXIS 867, at *24 (Tex. App.—Beaumont Jan. 31, 2018, pet. ref'd) (mem. op., not designated for publication) (stating the same). Indeed, a bill or offer revealing the nature of the evidence is of such importance that without it, the complainant fails to preserve the issue for review. *Guidry v. State*, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999); *Crowell v. State*, No. 11-13-00376-CR, 2016 Tex. App. LEXIS 410, at *3-4 (Tex. App.—Eastland Jan. 14, 2016, no pet.) (mem. op., not designated for publication).

"Absent a showing of what such testimony would have been, or an offer of a statement concerning what the excluded evidence would show, nothing is presented for review." *Guidry v. State,* 9 S.W.3d at 153. "Without an offer of proof, we cannot determine whether the excluded testimony would have been admissible or relevant." *Crowell v. State*, 2016 Tex. App. LEXIS 410, at *3-4. Nor can we "assess the harm, if any, that resulted from the exclusion of the evidence." *Id.*

Because the State failed to encompass the excluded evidence within an offer of proof, bill of exception, or like measure evincing what the experts would have said or what their testimony would have shown, it did not preserve its complaint for review. We overrule the sole issue at bar and affirm the trial court's order.

Brian Quinn
Chief Justice

Do not publish.

5