

# NUMBER 13-18-00211-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JAVIER LOPEZ JR.,                                         **Appellant,**

**v.**

THE STATE OF TEXAS,                                    **Appellee.**

### On appeal from the 377th District Court
### of Victoria County, Texas.

# MEMORANDUM OPINION
### Before Justices Benavides, Hinojosa, and Perkes
### Memorandum Opinion by Justice Benavides

By one issue, appellant Javier Lopez Jr. argues the trial court committed error by not allowing him to question a witness about her mental health disability. We affirm.

### I.     BACKGROUND

Lopez was charged by indictment of aggravated robbery, a first-degree felony. *See* TEX. PENAL CODE ANN. § 29.03. Prior to jury selection, Lopez pleaded guilty to the

indictment without a plea agreement.    Lopez elected for a jury to assess punishment.

At the sentencing hearing, Lopez intended to call his girlfriend Michelle Gomez to testify on his behalf.    Prior to her testimony, the State asked to approach the bench.    The State asked for a motion in limine regarding Gomez having a mental health disability due to her being victimized in a prior criminal case.[1]    Lopez's counsel responded that he had spoken with Gomez, who did not want her prior case brought to the jury's attention. However, counsel explained that he might have to get into why Gomez receives mental health disability benefits, which would involve some explanation of what occurred.    The State argued that the reason Gomez was on mental health disability was not relevant to this case.    Lopez's counsel responded that "it's relevant to show that [Lopez] has to carry a greater load as a father in raising their kids as well as taking care of [Gomez]."    Lopez's counsel argued to the trial court that his duties were an "indication of his character, and it's relevant to punishment."    The trial court ruled counsel could discuss Lopez's involvement with his children, but it would not allow him to ask Gomez about her mental disability.

Gomez took the witness stand outside the presence of the jury.    The trial court asked her if she was currently on probation and appointed an attorney to advise her of her rights before she testified.    Lopez was advised to call another witness so Gomez could visit with the newly appointed attorney.

---

[1]    Lopez was not the defendant in the prior criminal action that involved Gomez.

Lopez called additional witnesses and testified in his own defense, but never recalled Gomez to the stand.  Since he had pleaded guilty to the offense, the jury assessed his sentence at thirty-five years' imprisonment in the Texas Department of Criminal Justice–Institutional Division and assessed a $1,200 fine.   This appeal followed.

## II.   WITNESS TESTIMONY

By his sole issue, Lopez argues that the trial court committed error by not allowing him to question Gomez about her mental health disability.

### A.   Standard of Review

We review a trial court's decision to exclude evidence for an abuse of discretion. *Bryant v. State*, 534 S.W.3d 471, 472 (Tex. App.—Corpus Christi–Edinburg 2017, pet. ref'd).   A trial court abuses its discretion if its decision is so clearly wrong as to lie outside the zone of reasonable disagreement.   *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008).

### B.   Applicable Law and Discussion

In order to preserve error regarding a trial court's decision to exclude evidence, the complaining party must comply with rule 103 of the Texas Rules of Evidence by making an offer of proof, which sets forth the substance of the proffered evidence.   *Mata v. State*, 517 S.W.3d 257, 264 (Tex. App.—Corpus Christi–Edinburg 2017, pet. ref'd); *see* TEX. R. EVID. 103(a); *Reyna v. State*, 168 S.W.3d 173, 176 & n.8 (Tex. Crim. App. 2005); *see also* TEX. R. APP. P. 33.2 (prescribing bills of exception).   The complaining party's offer of proof must set forth the substance of the proffered evidence.   *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009) (citing TEX. R. EVID. 103(a)(2)).   Error may not

be predicated upon a ruling which excludes evidence unless a substantial right of the party is affected and the substance of the evidence was made known to the court by an offer of proof or was apparent from the context within which the questions were asked. TEX. R. EVID. 103(a)(2). "If in the form of a statement, the proffer must include a reasonably specific summary of the evidence offered and must state the relevance of the evidence unless the relevance is apparent, so that the trial court can determine whether the evidence is relevant and admissible." *Mata*, 517 S.W.3d at 264. "The primary purpose of an offer of proof is to enable the appellate court to determine whether the exclusion was erroneous and harmful." *Mays*, 285 S.W.3d at 890. "A secondary purpose is to permit the trial judge to reconsider his ruling in light of the actual evidence." *Id.*

Lopez gave the trial court a vague indication as to the substance of the testimony he wanted to elicit from Gomez. Lopez's counsel explained that he might have to question Gomez about her mental health disability and how she came to suffer from it. However, other than a vague reference, Lopez made no offer of proof with a "reasonably specific summary of the evidence" he wished to offer nor did he dictate the "relevance of the evidence." *Mata*, 517 S.W.3d at 264. Because we cannot determine the substance of the evidence Lopez wished to present, we are unable to determine whether that evidence was erroneous or harmful. *See Mays*, 285 S.W.3d at 890. Lopez has failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.2; *see also Mata*, 517 S.W.3d at 264. We overrule Lopez's sole issue.

4

## III. Conclusion

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
Tex. R. App. P. 47.2 (b).

Delivered and filed the
22nd day of August, 2019