**Affirmed and Memorandum Opinion filed June 27, 2024**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00825-CR

---

## AARON LAMAR LIVINGSTON AKA AHRON-AZIEL LIVINGSTON: BEY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 506th District Court**
**Waller County, Texas**
**Trial Court Cause No. 18-07-16476**

---

## MEMORANDUM OPINION

Appellant Aaron Lamar Livingston a/k/a Ahron-Aziel Livingston: Bey was charged with two crimes, forgery and the fraudulent securing of a document by execution. *See* Tex. Penal Code §§ 32.21; 32.46. Both charges went to trial before the same jury. Appellant was convicted of both charges. In this appeal, appellant challenges his fraudulent securing of a document by execution conviction. *Id.* at §

32.46. Appellant argues in a single issue that the trial court abused its discretion when it excluded Lameikia Livingston from testifying because her proposed testimony was not relevant. Because we determine that appellant did not preserve this issue in the trial court, we overrule his issue on appeal and affirm the trial court's judgment of conviction on appellant's fraudulent securing of a document by execution conviction.

## BACKGROUND

Because we set forth the facts in this case in some detail in our opinion issued simultaneously with this opinion resolving appellant's appeal of his forgery conviction in Cause Number 14-22-00824-CR, we do not repeat them here in the same detail.

After the State had finished its case-in-chief, appellant called his sister, Lameikia Livingston, to testify as a fact witness. The State objected to Lameikia testifying based on a lack of personal knowledge. The State asked to take Lameikia on voir dire. In response to the State's questions, Lameikia stated that she had not assisted appellant with the preparation of any documents related to the property at issue, was not present when appellant spoke to Paul Wilburn, and had not seen anyone sign a general warranty deed related to the property at issue.

During the State's voir dire, Lameikia testified that she "introduced him to the guy who assisted - - I introduced him to the guy." When asked, Lameikia denied the "guy" was Walter Anderson. Lameikia also testified that she "paid the money for the man - - the man that - - the guy who worked for a particular company, I knew him and he was supposed . . . ." At this point the State objected that Lameikia's answer was nonresponsive, and the trial court sustained the objection. The State stated it had no further questions.

2

At this point the trial court asked Lameikia if she had been present when appellant spoke with a man by the name of Paul Wilburn. In response, Lameikia testified that she had not, but they had been trying to get in contact with him. "We - - we - - someone - - I'm the one that put him in contact with - - because I was - - the person that was assisting us, the person I paid the down payment to, was going to assist me to help me get a house of humanities for my three autistic nephews which are his children. But he told us that he had a better property." Lameikia identified this person only as "Derrick." The trial court then excluded her testimony for lack of relevance.

In response, appellant, who was acting pro se, told the trial judge that the purpose of the fact witnesses testifying was to testify on his behalf. While appellant stated the fact witnesses, including Lameikia, had knowledge of facts, he offered no details, not even in summary form, on the nature of those facts.

At the conclusion of the evidence, the jury found appellant guilty of both charges. The trial proceeded directly to the punishment phase, where, after evidence and argument, the trial court assessed appellant's sentence at 35 years confinement on each charge to be served concurrently.

## ANALYSIS

An appellant may not complain on appeal about the erroneous exclusion of evidence unless the appellant made an offer of proof in the trial court, or the substance of the evidence was apparent from the context. Tex. R. Evid. 103(a)(2). "It is the appellant's burden to make a record, through a bill of exceptions, of the evidence he or she desires admitted." *Montgomery v. State*, 383 S.W.3d 722, 726 (Tex. App.—Houston [14th Dist.] 2012, no pet.). The primary purpose of an offer of proof is to enable the appellate court to determine whether the exclusion was erroneous and harmful. *Mays v. State*, 285 S.W.3d 884, 890 (Tex. Crim. App.

2009). Here, appellant did not present a specific offer of proof to the trial court, even when the trial court expressly gave him the opportunity to do so. In addition, having reviewed Lameikia's voir dire testimony, we cannot discern the substance of what she would have testified to if the trial court had not excluded her testimony. We conclude appellant has not preserved his argument for appellate review. *See* Tex. R. Evid. 103(a)(2) (stating preservation requirements for excluded evidence); *Holmes v. State*, 323 S.W.3d 163, 171 (Tex. Crim. App. 2009) ("When the defense attorney failed to 'perfect a bill' or to make a statement of what he would prove, as he told the trial court he would do, he failed to satisfy Rule 103(a)(2)."); *Montgomery*, 383 S.W.3d at 726 ("An appellant may not complain on appeal about the erroneous exclusion of evidence unless the appellant made an offer of proof in the trial court or the substance of the evidence is apparent from the context."). We overrule appellant's issue on appeal.

## CONCLUSION

Having overruled appellant's issue on appeal, we affirm the trial court's judgment of conviction on appellant's fraudulent securing of a document by execution conviction.

/s/     Jerry Zimmerer
          Justice

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.

Do Not Publish — TEX. R. APP. P. 47.2(b).

4