

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-12-00653-CR

Nicholas A. **BALDERAMA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 11, Bexar County, Texas
Trial Court No. 252539
Honorable Carlo Key, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Karen Angelini, Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  December 18, 2013

AFFIRMED

A jury convicted appellant Nicholas A. Balderama of driving while intoxicated ("DWI").
The trial court sentenced Balderama to fourteen months probation.  On appeal, Balderama raises
a single point of error, complaining the trial court denied his rights under the Sixth Amendment
by limiting his cross-examination of the State's witness, George Allan McDougall.  We affirm the
trial court's judgment.

## BACKGROUND

A detailed rendition of the facts of this case is unnecessary to our disposition. Accordingly, we provide only the relevant procedural facts.

At Balderama's DWI trial, the State introduced into evidence without objection Balderama's breath test results. The State called McDougall, the former breath test technical advisor for Bexar County, to authenticate the breath test results produced by the intoxilyzer. After a brief direct examination of McDougall to establish his ability to authenticate the breath test results, the State passed the witness to Balderama for cross-examination.

Balderama was permitted to examine McDougall about a wide range of subjects over two days of trial. McDougall provided substantial testimony about the procedures for breath testing blood alcohol content, and the operation of the machine used by Bexar County to perform the test, the Intoxilyzer 5000. He also provided testimony concerning alcohol absorption rates. However, Balderama's attempts to cross-examine McDougall about his knowledge and opinions on particular academic studies and writings on breath testing for alcohol were largely unsuccessful based on the State's objection that McDougall was not an expert. McDougall testified repeatedly that he had not read the relevant material in months, sometimes years, and that he could not confidently recall their contents. When asked if he could remember testifying and offering his opinion about such information in the past, McDougall could not clearly recall doing so.

Eventually, at the State's request, a Rule 702 hearing was held to determine whether McDougall should be permitted to testify as an expert witness during trial. *See* TEX. R. EVID. 702. Although it was established that McDougall had testified as an expert in similar criminal cases for the past thirty years, and allegedly as recently as a month before trial,[1] the trial court declined to

---

[1] Balderama alleges McDougall testified as an expert for the State as recently as August 23, 2012. However, other than statements by Balderama's counsel in his bill of exception, nothing in the record substantiates this allegation.

find McDougall qualified as an expert witness for this trial, in large part based on McDougall's own statements about his lack of current expertise. When asked by the trial court if he felt comfortable testifying as an expert, McDougall responded that he did not, stating, "I am not a hundred percent." Moreover, McDougall admitted he was no longer a certified technical supervisor.

Thereafter, multiple attempts by Balderama to elicit expert testimony from McDougall or introduce his past expert testimony were denied based on objections by the State. The trial court permitted Balderama to make a bill of exception in an effort to preserve his complaint for appellate review. Ultimately, the jury returned a verdict of guilt, and the trial court sentenced Balderama to probation. Thereafter, Balderama perfected this appeal.

## ANALYSIS

In a single point of error, Balderama contends the trial court deprived him of his constitutional right under the Sixth Amendment to confront McDougall. However, we hold Balderama failed to preserve this error on appeal by failing to make a sufficient offer of proof to the trial court. Moreover, even if he had preserved error, we hold there was no violation of Balderama's Sixth Amendment rights based on the trial court's limitation of cross-examination.

### *Preservation of Error*

In order to preserve error regarding a trial court's decision to exclude evidence, the complaining party must make an "offer of proof" which sets forth the substance of the proffered evidence. TEX. R. EVID. 103(a)(2). Under Rule 103, "[e]rror may not be predicated upon a ruling which . . . excludes evidence unless a substantial right of the party is affected, and . . . the substance of the evidence was made known to the court by offer, or was apparent from the context within which questions were asked." *Id.* The offer of proof may be in question and answer format, or may consist of a concise statement by counsel. *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim.

App. 2009). When in the form of a statement, the offer of proof "must include a reasonably specific summary of the evidence offered and must state the relevance of the evidence unless the relevance is apparent, so that the court can determine whether the evidence is relevant and admissible." *Id.* (quoting *Warner v. State*, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998)(per curiam)). Although compliance with Rule 103(a)(2) is subject to the *Virts* exception, the exception does not apply here.[2]

Instead of providing the court with a specific summary of the evidence offered and stating its relevance, Balderama's bill of exception: (1) expressed dismay that the State would not want McDougall to be an expert witness after over thirty years of doing so; (2) discussed the hierarchy of laws governing criminal proceedings to explain the supremacy of the Sixth Amendment's confrontation clause; and (3) declared he was deprived his substantive due process "right to fully cross examine without limitations Mr. George Allan McDougall." The closest Balderama's bill of exception comes to complying with Rule 103(a)(2) is when he notes the "jury was unable to hear the previous testimony of Mr. McDougall, which is contrary to the testimony that will be provided by Debra Stephens," who replaced McDougall as the breath test technical advisor for Bexar County. Balderama neither articulated what he anticipated Stephen's testimony to be, nor did he summarize McDougall's prior testimony. Without the substance of the proffered evidence, Balderama's bill of exception failed to achieve its primary purpose in enabling this court "to determine whether the exclusion was erroneous and harmful." *See Mays*, 285 S.W.3d at 890.

---

[2] Under the *Virts* exception, to preserve error when denied the opportunity to attack the credibility of a witness, the offer of proof "must merely establish what general subject matter he desired to examine the witness about during his cross-examination and, if challenged, show on the record why such should be admitted into evidence." *Virts v. State*, 739 S.W.2d 25, 29 (Tex. Crim. App. 1987). *Virts* does not apply to the present case as Balderama was not attacking the credibility of McDougall; instead he attempted to have McDougall testify as an expert and to use that testimony to challenge the testimony of another State's witness.

Accordingly, we hold that Balderama failed to properly preserve his complaint for appellate review. *See* TEX. R. EVID. 103(a)(2).

### *Confrontation Clause – Opportunity to Cross-Examine*

Even if Balderama had successfully preserved error for our review, we hold his rights under the Sixth Amendment's confrontation clause were not violated.

A defendant in a criminal trial has a constitutional right to confront the witnesses against him. U.S. CONST. amend. VI; TEX. CONST. art. 1, § 10. The Confrontation Clause manifests itself in two ways. First, an out-of-court testimonial statement by a witness is barred under the Confrontation Clause unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 68 (2004); *Wall v. State*, 184 S.W.3d 730, 735 (Tex. Crim. App. 2006). Second, the Confrontation Clause guarantees the defendant "an *opportunity* for effective cross-examination." *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) (per curiam); *Irby v. State*, 327 S.W.3d 138, 145 (Tex. Crim. App. 2010). However, there is no guarantee of "cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Fensterer*, 474 U.S. at 20.

Here, Balderama wished to cross-examine McDougall as an expert witness.[3] The trial court ruled McDougall was not an expert witness after a Rule 702 hearing. This decision limited Balderama's opportunity to cross-examine McDougall. Accordingly, to determine whether Balderama's right to cross-examination was unconstitutionally limited, we must first determine whether the trial court erred in finding McDougall was not qualified to testify as an expert.

---

[3] Balderama's bill of exception exemplifies this point: "[t]he defense was denied meaningful cross examination in violation of the due process clause by being limited in its ability to cross examine the breath test *expert* George Allan McDougall." (emphasis added).

Under Rule 702, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise." TEX. R. EVID. 702. This court reviews a trial court's decision to admit or exclude scientific expert testimony under an abuse of discretion standard. *Sexton v. State*, 93 S.W.3d 96, 99 (Tex. Crim. App. 2002); *Reyes v. State*, 274 S.W.3d 724, 729 (Tex. App.—San Antonio 2008, pet. denied). We uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Sexton*, 93 S.W.3d at 99.

The Texas Court of Criminal Appeals adopted several procedural and substantive limitations upon the admission of expert scientific testimony to ensure that unreliable expert testimony is excluded from the jury's consideration. *Coble v. State*, 330 S.W.3d 253, 273 (Tex. Crim. App. 2010); *see Kelly v. State*, 824 S.W.2d 568, 572–73 (Tex. Crim. App. 1992). Upon request, a trial judge must conduct a "gatekeeping" hearing outside the presence of the jury to determine whether scientific evidence and testimony is sufficiently reliable and relevant to help the jury in reaching an accurate result. *Coble*, 330 S.W.3d at 273. Further, the trial court must decide whether, on balance, that expert testimony might nonetheless be unhelpful or distracting for other reasons. *Id.* (citing *Kelly*, 824 S.W.2d at 572).

Here, upon request by the State, the trial court held a Rule 702 hearing outside the presence of the jury to determine whether McDougall could testify as an expert. At the hearing, it was established that although McDougall had been an expert in many cases in the past, he no longer felt comfortable testifying as an expert in the field. This was based on McDougall's retirement and his admissions that he had not kept up with the literature and studies in the field. More specifically, during the Rule 702 hearing, counsel for the State asked McDougall for his opinion on his ability to testify as an expert, and he responded, stating:

I wouldn't say I'm a hundred percent. I have not read the literature that recently. I have not attended meetings given by DPS, because I've basically been retired. And so I didn't go to the last conference they had in Beaumont, so I'm not a technical supervisor as I used to be – certified technical supervisor.

During cross examination, Balderama asked McDougall whether his thirty-six years of being an expert vanished since his retirement and he responded: "No, I'm not saying it's vanished, but I'm not top of the mark either, so I think it's probably a good time to step down." Finally, the trial court directly asked McDougall if, despite years of doing so, he felt comfortable testifying as an expert at the trial. McDougall responded:

Actually, I don't. I am not a hundred percent . . . I'm not like I was even three months ago . . . I think the truth should come out, and so I'm not afraid of it. And I'm sorry I can't be of more help, but I have not been active in the field for over three months.

After hearing this testimony, the trial court declined to allow McDougall to testify as an expert. The trial court then instructed counsel for Balderama that McDougall was testifying as a lay witness and was not qualified to offer expert scientific testimony.

Given the testimony from the Rule 702 hearing, we hold the trial court properly executed its gatekeeping function by excluding testimony that even the witness himself did not find sufficiently reliable to assist the jury in reaching an accurate result. *See Coble*, 330 S.W.3d at 273. Accordingly, we hold the trial court did not abuse its discretion in refusing to allow McDougall to testify as an expert. *See Sexton*, 93 S.W.3d at 99. Because the trial court did not abuse its discretion in limiting McDougall to lay testimony, we hold Balderama's opportunity to cross examine McDougall was not impermissibly limited under the Confrontation Clause. *See Fensterer*, 474 U.S. at 20; U.S. CONST. amend. VI; TEX. CONST. art. 1, § 10.

## CONCLUSION

Based on the foregoing, we overrule Balderama's point of error and affirm the trial court's judgment.

Marialyn Barnard, Justice

Publish