

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00407-CV
### NO. 02-14-00408-CV


IN THE MATTER OF L.L.J.


----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 323-100523-14, NO. 323-99601J-14

----------

## MEMORANDUM OPINION[1]

----------

The trial court adjudicated Appellant L.L.J., who is a juvenile, delinquent for assaulting Kenneth Johnson and modified a prior disposition concerning L.L.J. based on his assault of Johnson.[2] L.L.J. perfected these appeals.

---

[1] *See* Tex. R. App. P. 47.4.

[2] The trial court combined the issue of adjudication on the assault on Johnson in cause number 323-100523-14 with the issue of whether L.L.J's probation should be extended in cause number 323-99601J-14.

One afternoon, L.L.J., his father, and his uncle were at Hurricane Harbor. L.L.J. and a companion confronted Johnson in the men's locker room as Johnson changed out of his swimsuit into clothes. After a verbal altercation, L.L.J. punched Johnson twice in the face, knocking Johnson to the ground. Johnson suffered a black eye that began swelling and a laceration under his other eye. Johnson identified L.L.J. as the person who had assaulted him. L.L.J. denied hitting Johnson and claimed that he had seen Johnson walking around Hurricane Harbor and that his face was already bloodied.

L.L.J. testified that his father was with him at Hurricane Harbor that day, that he and his father look alike, and that he had not entered the men's locker room that day until police took him in. Tarrant County Juvenile Probation Officer Tim Lemear agreed that L.L.J. resembled his father and that it would be easy for someone to confuse the two "if their focus was on the gold grill and the tattoos." Lemear said that he had met L.L.J.'s father and agreed that L.L.J.'s father matched the general description of the alleged perpetrator of the assault on Johnson.

L.L.J.'s attorney attempted to elicit testimony from Lemear concerning whether L.L.J.'s father had ever admitted to committing the assault on Johnson. The trial court sustained the State's repeated objections to this testimony and excluded it. L.L.J.'s attorney did not make an offer of proof establishing exactly what Lemear's testimony on this subject would have been.

2

In his sole issue, L.L.J. contends that the trial court abused its discretion by excluding Lemear's testimony concerning what L.L.J. characterizes as his father's statement against interest.

We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010), *cert. denied*, 131 S. Ct. 2966 (2011); *De La Paz v. State*, 279 S.W.3d 336, 343–44 (Tex. Crim. App. 2009). As long as the trial court's ruling falls within the zone of reasonable disagreement, we will affirm the trial court's decision. *Martinez*, 327 S.W.3d at 736; *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).

In order to preserve error regarding a trial court's decision to exclude evidence, the complaining party must comply with Texas Rule of Evidence 103 by making an "offer of proof" which sets forth the substance of the proffered evidence. *See* Tex. R. Evid. 103(a)(2); *Mays v. State*, 285 S.W.3d 884, 889–90 (Tex. Crim. App. 2009). Rule 103(a)(2) states, "A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and: . . . if the ruling excludes evidence, a party informs the court of its substance by an offer of proof, unless the substance was apparent from the context." Tex. R. Evid. 103(a)(2). The primary purpose of an offer of proof is to enable the appellate court to determine whether the exclusion was erroneous and harmful. *Mays*, 285 S.W.3d at 890. A secondary purpose is to permit the trial judge to reconsider his ruling in light of the actual evidence. *Id.* The offer of

3

proof may consist of a concise statement by counsel, or it may be in question-and-answer form. *Id.* at 889–90. If in the form of a statement, the proffer "must include a reasonably specific summary of the evidence offered and must state the relevance of the evidence unless the relevance is apparent, so that the court can determine whether the evidence is relevant and admissible." *Id.* (quoting *Warner v. State*, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998)).

Here, L.L.J. did not make an offer of proof concerning Lemear's testimony that was excluded. Consequently, error may not be predicated upon the exclusion of that testimony. *See* Tex. R. Evid. 103(a)(2). Any error in the exclusion of the testimony is not preserved for our review. *Accord Mays*, 285 S.W.3d at 890 (recognizing that in the absence of an offer of proof, appellate court is unable to determine whether the exclusion, if erroneous, was harmful); *see also, e.g.*, *Montgomery v. State*, 383 S.W.3d 722, 726 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (holding failure to make offer of proof concerning excluded testimony waived error); *Watts v. State*, 371 S.W.3d 448, 463–64 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (same). In the absence of an offer of proof, we decline to speculate about the content of Lemear's excluded testimony.

We overrule L.L.J.'s sole issue, and we affirm the trial court's adjudication of delinquency in cause number 323-100523-14 and the trial court's probation extension in cause number 323-99601J-14.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  DAUPHINOT, WALKER, and GABRIEL, JJ.

DELIVERED:  September 24, 2015