**MODIFY and AFFIRM; and Opinion Filed November 4, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-14-01238-CR
_____

## ROBERTO ARNOLDO MARTINEZ
## A/K/A ROBERTO ARNOLDO MARTINEZ BARRIENTOS, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F-1400302-J**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown, and Schenck
Opinion by Justice Lang-Miers

A jury convicted appellant Roberto Arnoldo Martinez (also known as Roberto Arnoldo Martinez Barrientos) of failing to comply with sex offender registration requirements and assessed punishment at seven years in prison. On appeal, appellant complains about an evidentiary ruling and argues that the judgment should be modified to reflect the correct degree of offense and the correct name of appellant's attorney. We modify the judgment and affirm as modified.

BACKGROUND

In 2006, appellant was convicted of two counts of indecency with a child by exposure and sentenced to four years in prison in each case.[1] In 2012, appellant was convicted of failing to comply with sex offender registration requirements and sentenced to 18 months in state jail.[2] In 2014, appellant was indicted for failing to comply with sex offender registration requirements based on the reportable conviction of indecency with a child by exposure. Appellant testified during the guilt phase of his trial and acknowledged his prior convictions for indecency with a child by exposure and failing to comply with sex offender registration requirements, as well as an additional conviction in 2011 for misdemeanor indecent exposure. Nevertheless, his defense theory was essentially that he was unaware that he was required to register because he never received the proper paperwork.

## FIRST ISSUE

In his first issue appellant argues that the trial court abused its discretion when it sustained the State's objection to a cross-examination question. Appellant's complaint arises from the following exchange during his counsel's cross-examination of Detective Jules Farmer, after Farmer testified on direct examination that a homeless person can comply with sex offender registration requirements by identifying a physical location where the person intends to reside, such as under a particular bridge:

> Q: If they live under a bridge, given the question from the district attorney, would most of those folks know that they could register under a bridge?
>
> [The State]: Objection. Calls for speculation.
>
> THE COURT: Objection sustained.

---

[1] Appellant appealed his convictions and we affirmed. *See Barrientos v. State*, Nos. 05-06-00675-CR and 05-06-00676-CR, 2007 WL 1492049 (Tex. App.—Dallas May 23, 2007, pet. ref'd) (not designated for publication).

[2] Appellant appealed his conviction and we affirmed. *See Barrientos v. State*, No. 05-12-00648-CR, 2013 WL 3227658 (Tex. App.—Dallas June 24, 2013, no pet.) (not designated for publication).

On appeal appellant argues that Farmer's answer was admissible under Texas Rules of Evidence 602 and 701, which together permit certain opinion testimony. *See* TEX. R. EVID. 602, 701. More specifically, appellant argues that Farmer's answer was admissible because Farmer was responsible for conducting sex offender registration and "would have personal knowledge about how a person would know to register a physical location if that person were homeless." Appellant did not, however, make this argument in the trial court.

"In order to preserve error regarding a trial court's decision to exclude evidence, the complaining party must comply with Rule of Evidence 103 by making an 'offer of proof' which sets forth the substance of the proffered evidence." *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009). Moreover, in order to complain on appeal about the exclusion of evidence, a party is required to bring to the trial court's attention the rule of evidence or statute that the party contends makes the evidence admissible. *See Martinez v. State*, 91 S.W.3d 331, 335–36 (Tex. Crim. App. 2002). In this case, after the State's objection was sustained, appellant did not make an offer of proof or cite rule 602 or 701. As a result, appellant's first issue was not preserved for appellate review. *See id.* at 337 ("The trial court cannot be held to have abused its discretion merely by ruling on the only theories of law presented to it."). We resolve appellant's first issue against him.

**SECOND ISSUE**

In his second issue appellant argues that the judgment should be modified to change the degree of offense from a third degree felony to a state jail felony. The State disagrees and argues that the judgment is correct.

When a person fails to comply with sex offender registration requirements, the degree of offense depends on when the person's duty to register expires. If the duty to register expires after ten years, then the offense is a state jail felony. TEX. CODE CRIM. PROC. ANN. art.

–3–

62.102(b)(1) (West Supp. 2014). But if the duty to register expires when the person dies, then the offense is a second or third degree felony, depending on whether the person is required to verify registration quarterly or annually. *Id.* arts. 62.101, 62.102(b)(2)–(3). A conviction for indecency with a child by exposure gives rise to a ten-year duty to register under Texas Code of Criminal Procedure article 62.101(c)(2), but that duty becomes elevated to lifetime registration if the person "receives or has received another reportable conviction or adjudication . . . for an offense or conduct that requires registration under this chapter." *Id.* art. 62.101(a)(3).

Appellant argues that he was convicted of a state jail felony under article 62.102(b)(1) because he is required to register as a sex offender for ten years. More specifically, appellant argues that his duty to register falls under article 62.101(c)(2) because he was convicted of indecency with a child by exposure in 2006 and the State did not present evidence of another reportable conviction. In response, the State argues that appellant was convicted of a third degree felony under article 62.102(b)(2) because he is required to register as a sex offender until he dies. More specifically, the State argues that appellant's duty to register falls under article 62.101(a)(3) because in addition to appellant's conviction for indecency with a child by exposure, appellant testified that he was also convicted of a second exposure offense in 2011 (misdemeanor indecent exposure), which constituted another reportable conviction.

We cannot agree with the State because appellant's indictment did not allege that he was convicted of a second exposure offense in 2011, the jury charge at the guilt phase of appellant's trial did not reference the 2011 offense, and the jury made no finding regarding it. The punishment charge included alternative instructions centered on a state jail felony conviction. First, the jury was instructed that appellant's conviction is a state jail felony with a punishment range of 180 days to two years if the jury did not find beyond a reasonable doubt that appellant was previously convicted of failing to comply with sex offender registration requirements.

–4–

Alternatively, the jury was instructed that if it found beyond a reasonable doubt that appellant was previously convicted of failing to comply with sex offender registration requirements, the punishment range (not the degree of the offense) is enhanced to that of a third-degree felony—i.e. two to ten years. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(c) ("If it is shown [ ] that the person has previously been convicted of an offense [ ] under this article, the punishment for the offense [ ] is increased to the punishment for the next highest degree of felony.") The jury found the enhancement paragraph true and sentenced appellant to seven years in prison (a sentence within the statutory punishment range for a third degree felony). The punishment charge did not reference the 2011 conviction and the jury made no finding regarding it.

We agree with appellant that the judgment incorrectly reflects that the degree of offense was a third degree felony and should be modified to reflect that appellant was convicted of a state jail felony. We resolve appellant's second issue in his favor.

### THIRD ISSUE

In his third issue appellant argues that the judgment should be modified to reflect the correct name of appellant's attorney at trial. The State agrees with appellant. We also note that the judgment incorrectly identifies appellant's middle name as "Arnold" rather than "Arnoldo."

This Court has the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). We have compared the judgment with the record in this case and agree with the parties that the judgment should be modified to correct the name of appellant's attorney. The judgment states that appellant's attorney was Kenneth Weatherspoon. The record demonstrates, however, that appellant was represented by Richard Carrizales. We modify the judgment to change the entry next to "Attorney for Defendant" from "Kenneth

–5–

Weatherspoon" to "Richard Carrizales."   We also modify the judgment to identify appellant's correct middle name, "Arnoldo."

## CONCLUSION

We modify the trial court's judgment as described above and affirm as modified.


/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

141238F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERTO ARNOLD MARTINEZ,
Appellant

No. 05-14-01238-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F-1400302-J.
Opinion delivered by Justice Lang-Miers.
Justices Brown and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

> the entry under "Degree of Offense" is changed from "**3RD DEGREE FELONY**" to "**STATE JAIL FELONY**";
>
> the entry next to "Attorney for Defendant" is changed from "**Kenneth Weatherspoon**" to "**Richard Carrizales**"; and
>
> appellant's middle name is changed from "**ARNOLD**" to "**ARNOLDO**"

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 4th day of November, 2015.